UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:02-CV-61

SAMANTHA WINDHAM,                                                          PLAINTIFF

v.

DAVID KITCHENS, in his individual
and official capacities, & CITY OF
OAK GROVE, KENTUCKY,                                                    DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on the Defendants' Joint Motion for Summary Judgment (Docket #44).  The deadline for the Plaintiff, Samantha Windham ("Ms. Windham"), to respond to this motion was on or before March 5, 2007 (Docket #43), and the Plaintiff has not responded.  This matter is now ripe for adjudication.  For the following reasons, the Defendants' Joint Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

On February 18, 2001, Ms. Windham was arrested by Oak Grove Police Officers David Kitchens ("Officer Kitchens") and Chad Shaw ("Officer Shaw") at her residence in Oak Grove, Kentucky.  Officers Kitchen and Shaw had been dispatched to Ms. Windham's residence in order to check out a domestic dispute involving the Plaintiff and two (2) males.  When the officers approached the Plaintiff's residence, they stated that she became disorderly and refused to cooperate.  In addition, they claim that Ms. Windham pushed the officers from the doorway and "violently fought" them both for five (5) minutes, injuring Officer Shaw's right wrist and Officer Kitchens' right knee.  Ultimately, the Plaintiff was charged with disorderly conduct in violation of KRS 525.060; resisting arrest in violation of KRS 520.090; and two (2) counts of assault in the third degree, in violation of KRS 508.025.

On June 1, 2001, Plaintiff was indicted by the Christian County Grand Jury for her actions taken on February 18, 2001.  On February 18, 2002, the Plaintiff filed a complaint in the Christian County Circuit Court under 42 U.S.C. §1983 and state law, naming Officer Kitchens and the City of Oak Grove, Kentucky ("Oak Grove") as Defendants, and seeking compensatory and punitive damages.  The Plaintiff alleged that Officer Kitchens used excessive force during the course of her arrest and deprived the Plaintiff of her right to be secure against unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments.  In addition, the Plaintiff also asserted claims against Oak Grove for sanctioning and/or failing to correct the use of excessive force by Officer Kitchens; failure to train its police officers; failure to supervise its police officers; and failure to take disciplinary action against its police officers.  Eventually, her complaint was removed to this Court.

In September 2003, the Plaintiff was tried in Christian County Circuit Court, and the jury found the Plaintiff guilty on all counts.  The jury fixed the Plaintiff's punishment as one (1) year on each count of third degree assault; a $250 fine on the charge of resisting arrest; and a $250 fine on the charge of disorderly conduct.  On January 7, 2004, the Plaintiff was sentenced to one (1) year in prison by the state court.  On June 16, 2006, the Kentucky Court of Appeals affirmed the Plaintiff's conviction, and on August 21, 2006, the Kentucky Supreme Court denied the Plaintiff's petition for discretionary review.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that

the moving party is entitled to judgment as a matter of law."  In determining whether summary

judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences

against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574,

587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material

fact."  *Street v. Bradford & Co*., 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is "whether the

party bearing the burden of proof has presented a jury question as to each element in the case."

*Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere

scintilla of evidence.  To support this position, he must present evidence on which the trier of

fact could find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52

(1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere

existence of a colorable factual dispute will not defeat a properly supported motion for summary

judgment.  A genuine dispute between the parties on an issue of material fact must exist to

render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp*., 90 F.3d

1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to a case pursuant to *Erie Railroad v.

Tomkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R.

Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v.

Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (1991)."  *Gafford v. General Electric Co.*, 997 F.2d

150, 165 (6th Cir. 1993).

**DISCUSSION**

The Defendants contend that they are entitled to summary judgment for three (3) reasons. First, the Defendants argue that Officer Kitchens is entitled to qualified immunity as a matter of law for all acts committed in his individual capacity, and that the United States Supreme Court case of *Heck v. Humphrey* precludes Windham's claims against Officer Kitchens under the Fourth Amendment. Second, the Defendants assert that the Plaintiff's claims against Oak Grove fail as a matter of law because the Plaintiff cannot show an underlying constitutional violation committed by Officer Kitchens. Lastly, the Defendants contend that the state law tort claims for assault and battery fail as a matter of law because allowing those claims to go forward would invalidate the Plaintiff's conviction in state court. As mentioned *supra*, the Plaintiff has not responded to those arguments. The Court shall address each argument separately.

**1. Qualified Immunity for Officer Kitchens in His Individual Capacity & Claim Preclusion under *Heck v. Humphrey***

In *Harlow v. Fitzgerald*, the United States Supreme Court held that government officials performing discretionary functions are generally shielded from civil liability so long as their conduct does not violate constitutional rights or statutory provisions of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The sequence of analysis to determine qualified immunity is a two-step process that includes: 1) taking into consideration whether a constitutional right has been violated; and 2) if so, determining whether it is a clearly established right that a reasonable official under the circumstances should know. *Wilson v. Layne*, 526 U.S. 703 (1999); *Saucier v. Katz*, 553 U.S. 194, 201 (2001).

In *United States v. Lanier*, a case arising out of the Sixth Circuit, the United States Supreme Court held that the existence of a decision within a circuit is not necessary for a court to

determine if there is clearly established law, but only that a reasonable person under the circumstances would know that their actions violated another person's constitutional right. *United States v. Lanier*, 520 U.S. 259 (1997).  Additionally, the officer must have "fair warning" that their conduct was unconstitutional. *Hope v. Pelzer*, 122 S. Ct. 2508, 2516 (2002).

The United States Supreme Court has held that all claims made against law enforcement officers that they used excessive force during the course of an arrest or seizure should be analyzed under the reasonableness standard of the Fourth Amendment.  *Graham v. Connor*, 490 U.S. 386, 395 (1990). To prevail, the plaintiff must show: 1) significant injury; 2) that resulted from the use of clearly excessive force; and 3) that the force was objectively unreasonable. *Id.*; *Johnson v. Morel*, 876 F.2d 477 (5th Cir. 1989).  In emergency situations, the conduct of the government official must also "shock the conscience" in order to amount to excessive force by an officer, without taking into consideration his state of mind or intent. *County of Sacramento v. Lewis*, 523 U.S. 833, 836 (1998).

When analyzing a qualified immunity defense asserted by a defendant, the Sixth Circuit Court of Appeals, in *Rich v. City of Mayfield Heights*, has held that:

> [t]he ultimate burden of proof is on the plaintiff to show that the defendants are not entitled to qualified immunity. *Wegener v. Covington*, 933 F.2d 390, 392 (6th Cir.1991).  Defendants bear the initial burden of coming forward with facts to suggest that they were acting within the scope of their discretionary authority during the incident in question. *Id.*  Thereafter, the burden shifts to the plaintiff to establish that the defendants' conduct violated a right so clearly established that any official in defendants' positions would have clearly understood that they were under an affirmative duty to refrain from such conduct.  *Id.*

*Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1095 (6th Cir. 1992); *see also Flint ex rel. Flint v. Kentucky Dept. of Corrections*, 270 F.3d 340, 347 (6th Cir. 2001).

Lastly, in order to recover damages for an allegedly unconstitutional conviction or

imprisonment, or other harms caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff must show that the conviction has been reversed on appeal, expunged, declared invalid, or called into question by a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  In *Brindley v. Best*, the Sixth Circuit Court of Appeals determined that if a §1983 claim for damages does not bear a relationship to a conviction or sentence that has not been overturned, then *Heck* does not preclude a suit by the plaintiff. *Brindley v. Best*, 192 F.3d. 525, 531 (6th Cir. 1999).  And, in *Shamaeizadeh v. Cunigan*, the Sixth Circuit noted that "Fourth Amendment claims under §1983 may be brought without setting aside the conviction only if success would not undermine the conviction and if the plaintiff alleges a compensable injury other than the conviction." *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir. 1999); *see also Cummings v. City of Akron*, 418 F.3d 676, 683-84 (6th Cir. 2005).

In the instant matter, Officer Kitchens is entitled to qualified immunity as a matter of law because the Plaintiff has not met her burden, as set out in *Rich*, in proving that Officer Kitchens is not entitled to qualified immunity. *Rich*, 955 F.2d at 1095.  The Defendants have sufficiently put forth facts to show that Officer Kitchens was acting within the scope of his discretionary authority during the incident in question.  However, the Plaintiff has not established or put forth any evidence to show that Officer Kitchens' conduct violated a right so clearly established that any official in his position would have clearly understood that he was under an affirmative duty to refrain from such conduct.  Accordingly, Officer Kitchen is entitled to qualified immunity for the charges against him in his individual capacity under the Fourth and Fourteenth

Amendments.[1]

In addition, even assuming that Officer Kitchens was not entitled to qualified immunity,

the excessive force claim brought under the Fourth Amendment against Officer Kitchens is

precluded by the reasoning set forth by the United States Supreme Court in *Heck*, as a finding

that Officer Kitchens used excessive force when he arrested Windham would undermine the

third degree assault convictions in state court. *See Heck*, 512 U.S. at 486-7; *Cummings*, 418 F.3d

at 683.[2]

Accordingly, Officer Kitchens is entitled to qualified immunity, and therefore, the claims

against him in his individual capacity are dismissed.[3]

---

[1]The Court also notes that by failing to respond to the Defendant's Joint Motion for Summary Judgment, Windham failed to meet her burden under FRCP 56. For that additional reason, the Defendants are also entitled to summary judgment on their claim for qualified immunity. *Clark v. City of Dublin, Ohio*, 178 Fed. Appx. 522, 524-25 (6th Cir. 2006).

[2]In *Donovan v. Thomas*, the Sixth Circuit Court of Appeals stated "[t]he Supreme Court has noted that a conviction for the crime of resisting arrest, where 'defined as intentionally preventing a peace officer from effecting a lawful arrest,' would preclude a subsequent suit under § 1983 for violation of the right to be free from unreasonable seizures because proof of the lawfulness of the arrest is an element of the crime. *Heck v. Humphrey*, 512 U.S. 477, 486 n. 6, 114 S.Ct. 2364, 2373 n. 6, 129 L.Ed.2d 383 (1994). However, in Kentucky, conviction for resisting arrest does not require proof of a lawful arrest...[t]hus as noted above in text, in this case it is the determination of the validity of the arrest made by the state court after the hearing of the motion to suppress evidence, rather than the conviction for resisting arrest, that provides the basis for issue preclusion regarding the issue of false arrest." *Donovan v. Thomas*, 105 F.3d 291, 298 n. 8 (6th Cir. 1997). The Defendant did not raise issue preclusion in his motion for summary judgment as to this argument, but the Defendant did assert that the unreasonable seizure claim is precluded by *Heck*. However, the Sixth Circuit has recognized that *Heck* does not preclude an unreasonable search and seizure claim against an officer who is not entitled to qualified immunity. *See Cummings* at 683-84. Nonetheless, the Defendant is entitled to qualified immunity because the Plaintiff has not met her burden., and therefore, the Plaintiff's Fourth and Fourteenth Amendment claims against Officer Kitchens fail as a matter of law.

[3]The Court also notes that any claims asserted against Officer Kitchens in his official capacity fail as a matter of law. The United States Supreme Court has held that a "suit against a state official in his or her official capacity is not a suit against the official, but rather a suit against the official's office." *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 67 (1989). As such, a suit against a government agent, such as Officer Kitchens, in his official capacity equates to a suit against the government agency in question, which is precluded unless the plaintiff can prove liability as set out in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The Plaintiff has not provided any arguments in support of a *Monell* violation; therefore, any claims asserted against Officer Kitchens in his official capacity fail as a matter of law.

## 2. Federal Claims Against Oak Grove

The Defendants assert that the Plaintiff's claims against Oak Grove fail as a matter of law because the Plaintiff cannot show an underlying constitutional violation committed by Officer Kitchens.  In *Napier v. Madison County, Ky.*, the Sixth Circuit Court of Appeals held that because the plaintiff "cannot show that he suffered an underlying constitutional violation, his claims against Madison County must also fail." *Napier v. Madison County, Ky.*, 238 F.3d 739, 743 (6th Cir. 2001)(citing *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507 (6th Cir.1996)). In *Blackmore v. Kalamazoo County*, the Court explicitly held that "[a] municipality or county cannot be liable under § 1983 absent an underlying constitutional violation by its officers." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 900 (6th Cir. 2004)(citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986)).

Here, as determined *supra*, the constitutional violation claims brought against Officer Kitchens in his individual capacity fail as a matter of law because he is entitled to qualified immunity.  As such, the Plaintiff has not demonstrated an underlying constitutional violation by one of its officers in order to link his conduct to that of the municipality.  Accordingly, the Plaintiff's federal claims against Oak Grove fail as a matter of law.

## 3. State Law Claims for Assault and Battery

The Defendants contend that the state law tort claims for assault and battery fail as a matter of law because allowing those claims to go forward would invalidate the Plaintiff's convictions of third degree assault in state court.  Essentially, the Court interprets this argument by the Defendants as meaning that the state law claims are precluded under the doctrine of *res*

*judicata*.[4]  The Sixth Circuit Court of Appeals, in *Rawe v. Liberty Mut. Fire Ins. Co.*, explained

the definitions of the doctrine of *res judicata*, noting:

> Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.... This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

*Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006)(quoting *Migra v. Warren*

*City School District Board of Education*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56

(1984)).  Here, the Defendants argue that the state law claims are precluded because the

Christian County Circuit Court has already litigated issues common to the state law claims

asserted by the Plaintiff and the charge of third degree assault she was convicted of in September

2003.  As such, the Defendants essentially argue that collateral estoppel (issue preclusion)

precludes the claims of the Plaintiff.

Collateral Estoppel "'refers to the effect of a judgment in foreclosing relitigation of a

matter that has been litigated and decided.' *Barnes v. McDowell*, 848 F.2d 725, 728 n. 5 (6th

Cir.1988)." *Cockrel v. Shelby County School Dist.*, 270 F.3d 1036, 1046 (6th Cir. 2001).  Federal

courts must give the factual findings of a state court preclusive effect. *Id.*  "Kentucky courts give

preclusive effect to factual findings in a previous proceeding 'only as to matters which were

necessarily involved and determined in the former action,' as opposed 'to matters which were

immaterial or unessential to the determination of the prior action or which were not necessary to

uphold the judgment.'" *Id.* (quoting *Barnes* at 730-31).  This doctrine precludes an issue when

---

[4]The Court once again notes that the Plaintiff has missed her deadline, and she has not responded to the Defendants' Joint Motion for Summary Judgment.

9

three (3) elements are met: (1) the issue in the current action and the prior action are identical;

(2) the issue was actually litigated; and (3) the issue was necessary and essential to the judgment

on the merits. *U.S. v. Beaty*, 245 F.3d 617, 624 (6th Cir. 2001)(citing *United States v. Three*

*Tracts of Prop. Located on Beaver Creek, Knott County, Kentucky*, 994 F.2d 287, 290 (6th

Cir.1993)).

　　　　Under Kentucky law, "an actor is subject to liability to another for battery if[:]

(a) he acts intending to cause a harmful or offensive contact with the person of the other or a

third person, or an imminent apprehension of such a contact, and

(b) a harmful contact with the person of the other directly or indirectly results." *Vitale v.*

*Henchey*, 24 S.W.3d 651, 658 (Ky. 2000)(citing Restatement 2nd, Torts § 13).  Assault only

requires the first element of battery, but does not require contact with the other person. *Banks v.*

*Fritsch*, 39 S.W.3d 474, 481 (Ky. App. 2001).  Third Degree Assault, as set out by KRS

508.025, states that:

(1) A person is guilty of assault in the third degree when the actor:
(a) Recklessly, with a deadly weapon or dangerous instrument, *or intentionally causes or attempts to cause physical injury to*:
1. A state, county, city, or federal peace officer (emphasis added).

　　　　In comparing KRS 508.025 to the common law elements of assault and battery, the one

shared element between the claims is the "intent" element.  In the state court action, a jury found

the Plaintiff guilty of third degree assault for causing or attempting to cause physical injury to

Officer Kitchens (See Defendants' Exhibit B, pg. 3).  As such, the state law claims cannot go

forward because they are precluded under the doctrine of collateral estoppel.

　　　　Here, the elements of collateral estoppel have been met because: the intent issue in this

matter as well as the prior state court matter were identical; the issue was litigated in the state

court matter; and the issue was necessary in order to find the Plaintiff guilty of third degree

assault.  Accordingly, the doctrine of collateral estoppel precludes the state law claims asserted

by the Plaintiff against the Defendants in this matter.

**CONCLUSION**

For the foregoing reasons, the Defendants' Joint Motion for Summary Judgment (Docket

#44) is **GRANTED**.  Accordingly, the case against the Defendants is **DISMISSED**.

An appropriate order shall issue.